IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| SALLY HODGSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1596-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Rory Linerud
P. O. Box 1105
Salem, Oregon  97308

    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

Page 1 - OPINION AND ORDER

L. Jamala Edwards
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Sally Hodgson brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB").  I reverse the decision of the Commissioner and remand for a finding of disability.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The claimant has the burden of proof on the first four steps. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of

"not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## PROCEDURAL HISTORY

Hodgson protectively filed her application for DIB on February 9, 2001. After a hearing, an ALJ issued an opinion on September 4, 2002 finding that Hodgson could return to her past relevant work. On April 7, 2004, this Court remanded the case for further proceedings to determine if Hodgson's anxiety disorder was a severe impairment. On April 26, 2005, another ALJ issued a second decision finding that Hodgson was not disabled because she could return to

Page 4 - OPINION AND ORDER

her past relevant work. On June 21, 2006, this Court remanded the case a second time for further proceedings to determine if Hodgson's anxiety disorder was a severe impairment and, if so, what effect it had on her residual functional capacity. On August 21, 2007, a third ALJ issued a decision finding Hodgson not disabled. This last decision is the one under review in the current case.

## THE ALJ'S DECISION

The ALJ noted the terms of the second remand order. He concluded that Hodgson had severe impairments of a seizure disorder and anxiety disorder during the closed period from November 14, 2000 through March 1, 2003. However, the ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations. After reviewing the medical record, the ALJ found that Hodgson could perform a limited range of light work with no hazards, that she needed an option to sit and stand at will, and that the anxiety and non-severe depression limited her to low stress and predictable routine. Based on vocational expert testimony, the ALJ concluded that Hodgson could return to her past work as an office clerk and was thus not disabled under the Act.

///

///

**FACTS**

Hodgson alleges that she was disabled during a closed period from November 14, 2000 through March 1, 2003.¹ She was 34 years old at the start of the closed period and has worked as a data coordinator, secretary, parts clerk, and flagger.

Hodgson testified to having seizures approximately twice a week which last for about an hour but she has related symptoms continuing for several hours. During the seizure itself, Hodgson gets dizzy and weak, everything goes black, and her heart races. Hodgson must lie down during the recovery period because she has a headache, fatigue, blurred or double vision, and sometimes has anxiety attacks. She also suffers from longer-term effects of memory and concentration difficulties and tiring very easily.

**DISCUSSION**

This case is now before this Court for the third time. Hodgson argues that the ALJ did not comply with the remand order because he still did not develop the record as ordered to do. Even though the ALJ found that Hodgson's anxiety disorder gave her concentration and memory problems, and that stress was a problem for her, the ALJ did not ask a doctor about the significance of this condition or its symptoms. According to Hodgson, the ALJ should have determined what aspects of work triggered her stress reaction so that her residual functional capacity could be accurately stated. Hodgson contends that a "low stress job" lacks definition

---

¹ The record is a bit unclear about whether the end of the closed period is March 1 or March 31, 2003. In the hearing on March 10, 2005, Hodgson's counsel reported that she had returned to work in March 2003 so they were seeking a closed period up *through* March 2003. In the hearing on June 8, 2007, Hodgson and her attorney waived appearance. The ALJ stated that Hodgson was requesting a closed period ending on March 1, 2003. I will address the same period.

Page 6 - OPINION AND ORDER

because various aspects of a job–such as deadlines, people, activities, complexity of assignments–affect people differently.  She makes a similar argument that concentration and memory problems are not necessarily resolved by a "predictable routine" work limit described by the ALJ.

The Commissioner argues that the ALJ complied with the last remand order.  In the Commissioner's view, the ALJ considered the entire record, particularly Dr. Redshaw's opinion that stress was an anxiety trigger and Hodgson's testimony about her concentration and memory problems.  Because Hodgson received only limited treatment for anxiety, the Commissioner contends that there was no need for the ALJ to further develop the record by contacting a medical professional concerning other limitations necessitated by the anxiety disorder.

At the last hearing, the ALJ personally completed a Psychiatric Review Technique Form ("PRTF") for Listing 12.06, Anxiety-Related Disorders.  Based on his completion of the PRTF, the ALJ found that Hodgson was limited to low stress and predictable routine, in addition to the physical limitations that are not at issue.  The vocational expert testified that with these limitations, Hodgson could perform her past relevant work as an office clerk.  The ALJ based his written opinion on these limitations and the vocational expert's testimony.

The last remand order from this court instructed the Commissioner to make specific findings on Hodgson's residual functional capacity if the anxiety disorder constituted a severe impairment.  The Commissioner did make findings but did so on a minimal record.  No medical source had ever completed a PRTF for Hodgson.  I agree with the ALJ that a consultative examination years after Hodgson had improved and returned to work would have little value.  Other choices were available, however.  The ALJ could have contacted her treating doctors and

Page 7 - OPINION AND ORDER

sought their opinion, he could have had one of the psychologists from the State disability agency give an opinion, or he could have called a medical expert to testify.

A Social Security ALJ has an "independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotation omitted). I conclude that the ALJ failed to fully develop the record when he did not seek input from a medical professional on the limitations that resulted from Hodgson's anxiety disorder, particularly in light of the remand orders.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). I will not remand this case for a third time. Accordingly, I conclude that Hodgson was disabled during the closed period from November 14, 2000 through March 1, 2003.

## CONCLUSION

The decision of the Commissioner is reversed. The case is remanded for a finding of disability.

IT IS SO ORDERED.

Dated this _____2nd_____ day of October, 2008.

                                                            /s/ Garr M. King  
                                                           Garr M. King  
                                                           United States District Judge